UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KULCHIN FOUNDATION DRILLING CO.,

                  Plaintiff(s),

      v.

AXIS SPECIALTY INSURANCE COMPANY,

                  Defendant(s).

_____

AXIS SPECIALTY INSURANCE COMPANY,

                Counterclaim Plaintiff,

      V.

KULCHIN FOUNDATION DRILLING CO.,
and ICON, LLC,

                Counterclaim Defendants.

NO. C06-1155P

ORDER ON MOTION TO DISMISS
OR TRANSFER

The above-entitled Court, having received and reviewed:

1.    Icon LLC's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. No. 22)

2.    Axis Specialty Insurance Company's Response to Icon LLC's Motion to Dismiss for Lack of
Personal Jurisdiction (Dkt. No. 26)

3.    Plaintiff Kulchin Foundation Drilling Co.'s Response to Axis Specialty Insurance Company's
Response to Icon LLC's Motion to Dismiss (Dkt. No. 30)

4.    Axis Specialty Insurance Company's Reply to Kulchin's Response to Axis Specialty Insurance
Company's Response to Icon LLC's Motion to Dismiss (Dkt. No. 31)

5.      Icon LLC's Reply in Support of Icon's Motion to Dismiss for Lack of Personal Jurisdiction

(Dkt. No. 33)

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that, in the interest of justice, this matter is TRANSFERRED to the United State District Court for the Southern District of California.

## BACKGROUND

Defendant Icon, LLC ("Icon") is a California LLC organized for the purpose of developing a condo project in San Diego ("the Project").  Icon hired Ledcor Builders Inc. ("Ledcor") as the general contractor on the Project; Ledcor subcontracted with Plaintiff Kulchin Foundation Drilling Co. ("Kulchin"), a Washington corporation, for a portion of the work.  As required by Icon, Kulchin obtained general liability insurance (through Defendant Axis Specialty Insurance Co. ("Axis"), a Washington insurance company), and named Icon as an additional insured.

A portion of the foundation on the Project collapsed.  When Ledcor filed suit against Kulchin and Icon in San Diego County Superior Court, they tendered defense of the California lawsuit to Axis. Kulchin then filed this lawsuit in Washington seeking declaratory and monetary relief against Axis, claiming a delay in coverage due to an improper investigation.  In its amended answer, Axis counterclaimed against both Kulchin and Icon[1] for a declaratory judgment, claiming the policy provided no coverage..

Icon, LLC is a foreign business entity created for the purpose of developing the Project.  They have no business presence in Washington.   No offices, telephone numbers or representatives are located here, nor have they solicited or conducted business.

All parties have now weighed in on the issue.  Icon denies that this Court has personal jurisdiction over them and requests dismissal pursuant to FRCP 12(b)(6) or (in the alternative) a

---

[1]   Icon disputes whether it is a "counterclaim defendant" or a "third party defendant," but for purposes of determining personal jurisdiction and the issue of transfer, the distinction is irrelevant.

1  transfer of this litigation to U.S.D.C. for the Southern District of California.  Axis claims that Icon has

2  subjected themselves to the jurisdiction of this Court, but likewise indicates a willingness to submit to

3  a transfer to U.S.D.C. for the Southern District of California.  Plaintiff Kulchin filed a responsive

4  pleading in support of severance and transfer of the Axis-Icon portion of the lawsuit, but contending

5  that their original litigation should remain here.

6

7  **ANALYSIS**

8  Personal jurisdiction

9       The traditional two-part personal jurisdiction analysis examines (1) the applicable state long-

10  arm statute and (2) the requirements of federal due process.  Chan v. Soc'y Expeditions, Inc., 39 F.3d

11  1398, 1404-05 (9th Cir.  1994).  Since Washington's long-arm statute extends to the limits of federal

12  due process (Id.), the Court need only analyze whether the exercise of personal jurisdiction over Icon

13  comports with federal due process.  The classic test looks to whether the party has "minimum

14  contacts" with the forum state such that exercising jurisdiction would not "offend traditional notions of

15  fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).  Personal

16  jurisdiction may be either general or specific.

17       General personal jurisdiction requires "substantial and continuous activities within

18  Washington," related or unrelated to the cause of action.  Pac. Atlantic Trading Co., Inc. v. M/V Main

19  Express, 758 F.2d, 1325, 1327 (9th Cir. 1985).  Icon has neither – it is not registered as a Washington

20  business, has no business dealings here, no Washington offices or employees, and no real property,

21  bank accounts or phone listings in this jurisdiction.  Declaration of Menzies (Dkt. No. 23).   Axis does

22  not argue that general personal jurisdiction exists over this entity.

23       Specific personal jurisdiction must arise out of a defendant's activities within the forum.

24  Plaintiff must establish certain conditions for specific personal jurisdiction:

25

26  **ORDER ON MOTION TO**
   **DISMISS OR TRANSFER - 3**

1.    By an act or transaction, the nonresident defendant has "purposefully availed itself of
       the privilege" of conducting business in the forum;

2.    The claim arises out of the forum-related activity; and

3.    Exercise of jurisdiction is reasonable.

Doe v. Unocal Corp., 248 F.3d 915, 923 (9th Cir. 2001) (quoting Gordy v. Daily News L.P., 95 F.3d 829, 831-832 (9th Cir. 1996).

Recognizing that a contract with an out-of-state party, without more, does not automatically confer personal jurisdiction (Unocal, 248 F.3d at 924), Axis argues instead that Icon has "purposely availed itself" of Washington laws: the subcontract with Kulchin (which Icon was obligated to "review and approve") mandated that Kulchin procure insurance and, "knowing that it had engaged a Washington contractor and Washington subcontractor," Icon should likewise have known that Kulchin would obtain a Washington insurance policy. Axis Response, p. 8. Axis then asserts that Icon's tendering of defense to Axis activated the requirements of Washington law that Axis undertake a reasonable investigation and accept or deny coverage, protections which would not have existed "but for" Icon's contacts with Washington business and laws. Id.

The Court finds this too attenuated to establish "minimum contacts." Icon has no contractual relationship of any kind with Kulchin, was not responsible for the requirement that Kulchin be insured and had no control over which insurance company Kulchin selected. Nor did they initiate the lawsuit to determine the extent of the coverage. Significantly, Axis cites no case law in support of its argument.

Nor, based on the factors cited above, is it reasonable to require Icon to appear and defend. The company is a California entity, created for the purpose of developing the Project. They have no presence in Washington (offices, agents, phone numbers, etc.) and had no participation in Kulchin's

1    decision to contract with Axis.  It would be improper to exercise personal jurisdiction over them in this

2    forum.

3    Transfer of case

4          "[A] court 'has the power to transfer the case even if there is no personal jurisdiction over [a

5    party]. . . if a transfer would be in the interest of justice.'"  Corke v. Sameiet M.S. Song of Norway,

6    572, F.2d 77, 80 (2nd Cir. 1978) (citation omitted).  That power is codified at 28 U.S.C. § 1631,

7    "Transfer to cure want of jurisdiction:"

8                Whenever a civil action is filed in a court. . . and that court finds that there is
             a want of jurisdiction, the court shall, if it is in the interest of justice, transfer
9             such action. . . to any other such court in which the action. . . could have been
             brought at the time it was filed. . .
10

11        The Court is aware that

12                circuits have split on the question of whether § 1631 provides for transfers
             only in the event that a federal court lacks subject matter jurisdiction or
             also in the event that the court lacks personal jurisdiction. *See, e.g., SongByrd,*
13           *Inc. v. Estate of Grossman,* 206 F.3d 172, 179 n. 9 (2d Cir.) (noting that "the
             legislative history of section 1631 provides some reason to believe that this
14           section authorizes transfers only to cure lack of subject matter jurisdiction"),
             *cert. denied,* 531 U.S. 824, 121 S.Ct. 68, 148 L.Ed.2d 33 (2000).
15

16   Roman v. Ashcroft, 340 F.3d 314, 328 (6th Cir. 2003).  Roman went on to hold that, in the Sixth

17   Circuit, " the statute applies to federal courts identifying any jurisdictional defect, regardless of

18   whether it involves personal or subject matter jurisdiction." Id.

19        And the trend in the Ninth Circuit is toward the more inclusive interpretation of the statute to

20   encompass personal as well as subject matter jurisdiction.  As a consequence, failure to consider

21   whether it is in the interests of justice to transfer a case where personal jurisdiction over a defendant is

22   absent has been held to constitute abuse of discretion.

23

24

25

26   **ORDER ON MOTION TO**
     **DISMISS OR TRANSFER - 5**

> Pursuant to 28 U.S.C. § 1631, if a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed[.]" Here, the district court abused its discretion in failing to determine whether the action could have been brought in the Eastern District of California and whether such transfer would be in the interest of justice. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). . . [W]e affirm the district court's decision that it lacked personal jurisdiction over the defendants, and remand with instruction to transfer this case to the Eastern District of California.

Harrell v. Kepreos, 175 Fed.Appx. 793, 794 (9th Cir. 2006); see also Gray & Company v. Firstenberg Machinery Company, 913 F.2d 758, 761-62 (9th Cir. 1990).[2]

The Court finds that § 1631 requires an inquiry into whether the interest of justice dictates a transfer of the litigation to another court where the action could have been properly brought at the time it was filed. U.S.D.C. for the Southern District of California is such a potential forum. The question remains: is it in the interest of justice to transfer this case there?

Plaintiff Kulchin has significant contacts with California. The company bid on and accepted a job within that jurisdiction and did not object when it was named in California litigation concerning the Project; in fact, Kulchin filed a cross-complaint in that lawsuit. Sorensen Supp. Decl., Ex. 2. Although the policy between Plaintiff and Defendant was negotiated and purchased within the State of Washington (Kulchin Decl. at ¶ 7), no one has asserted that the Project insurance policy obtained by Icon was negotiated, purchased or executed in this jurisdiction. While there will undoubtedly be travel expenses incurred by some parties and witnesses if the matter be transferred, that would be true

---

[2] "The literal language of the statute ... is broad enough to encompass either [lack of subject matter or personal jurisdiction]." Jeffrey W. Tayon, *The Federal Transfer Statute: 28 U.S.C. § 1631*, 29 S. Tex. L.Rev. 189, 224 (1987). Congress's intent in passing § 1631 was to "protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system." 17 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4104, at 406 (2d ed.1986) (citing S.Rep. No. 97-275 (1982)).

regardless of where the litigation is located.  The Court considers that factor weighted equally on both sides of this question.

Kulchin has suggested that Icon's motion be granted and the Icon-Axis portion of the litigation be severed and sent to the Southern District of California.  Not only would duplicative litigation represent a waste of time and resources (for both the judiciary and the parties), but such a separation raises the specter of inconsistent rulings and results on identical legal issues.  The Court finds that the interest of justice dictate that all the claims in this lawsuit be kept together in a single piece of litigation in a single forum, and that forum is the Southern District of California.

### CONCLUSION

There is no personal jurisdiction over Icon in this forum, based on an absence of contacts within the State of Washington and the fact that it has failed to avail itself of the protection of the laws of this jurisdiction.  It is, however, in the interest of justice that the entire case be transferred to the Southern District of California pursuant to 28 U.S.C. § 1631, where the lawsuit could have been filed initially and where the court will have jurisdiction over all parties necessary to resolving this dispute in a single forum.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  March __19_, 2007

Marsha J. Pechman
U.S. District Judge

**ORDER ON MOTION TO
DISMISS OR TRANSFER - 7**